1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES CARL KELLY,                          No.  1:24-cv-01148 GSA (PC)

12                 Plaintiff,                     ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
13            v.
                                                  ORDER RECOMMENDING:
14    WARDEN OF KERN VALLEY STATE
      PRISON, et al.,                             (1) PLAINTIFF'S APPLICATION TO
15                                                PROCEED IN FORMA PAUPERIS BE
                 Defendants.                      DENIED IN LIGHT OF 28 U.S.C. § 1915(g),
16                                                AND

17                                                (ECF No. 2)

18                                                (2) PLAINTIFF BE REQUIRED TO PAY THE
                                                  FILING FEE IN FULL PRIOR TO
19                                                PROCEEDING ANY FURTHER WITH THIS
                                                  ACTION
20
                                                  PLAINTIFF'S OBJECTIONS DUE IN
21                                                FOURTEEN DAYS

22

23            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

24    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

25    2.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

26    636(b)(1)(B).

27            For the reasons stated below, the undersigned will recommend that Plaintiff's application

28    to proceed in forma pauperis denied, consistent with 28 U.S.C. § 1915(g), and that he be

                                                    1

1  required to pay the filing fee in full prior to proceeding any further with this action.  Plaintiff will

2  be given fourteen days to file objections to this order.

3       I.    RELEVANT FACTS

4       On September 26, 2024, Plaintiff's complaint and his application to proceed in forma

5  pauperis were docketed.[1]  ECF Nos. 1, 2.  Plaintiff has yet to file a six-month prison trust fund

6  account statement as required by 28 U.S.C. § 1915(a)(2).  In addition, court records indicate that

7  Plaintiff has been previously identified as a three strikes litigant.[2]  See Kelly v. Sao, No. 1:19-cv-

8  00681 LJO BAM (E.D. Cal. July 25, 2019) ("Sao II").  Sao II, ECF Nos. 6, 9 (order and findings

9  and recommendations stating same; order adopting findings and recommendations and directing

10  Plaintiff to pay filing fee in full, respectively).  In that matter, the Court identified four cases of

11  Plaintiff's as strikes within the meaning of Section 1915(g).  See Sao II, ECF No. 6 n.1.

12       II.    IN FORMA PAUPERIS STATUS

13       "[In forma pauperis] status is not a constitutional right."  Rodriguez v. Cook, 169 F.3d

14  1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)

15  ("To proceed in forma pauperis is a privilege not a right.").  An inmate's in forma pauperis status

16  may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the

17  status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL

18  4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews,

19  No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).

20  The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of

21  the district court.  Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d

22  598 (9th Cir. 1963)).  The latitude given a district court in such matters is especially broad in civil

23

---

24  [1]  Plaintiff also filed a motion for the appointment of counsel.  ECF No. 3.  It, however, will be
    addressed under separate order.

25  [2]  The Court also takes judicial notice of the fact that since 2008, Plaintiff has filed fifteen cases

26  in the Eastern District of California.  See PACER Case Locator,
    https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf, input "Kelly, James Carl" and "pla" (last

27  visited September 27, 2024).  In addition, Plaintiff has filed at least sixteen cases in the Northern
    District of California, fifteen of which have been filed since 2018.  See id.

28

2

actions by prisoners against their wardens and officials.  <u>Smart</u>, 347 F.2d at 116 (footnote

citation omitted); <u>Shobe v. People of State of California</u>, 362 F.2d 545, 546 (9th Cir. 1966) (citing

<u>Smart</u>).

III.    THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court

looks to the dismissing court's action *and the reasons underlying it*." <u>Knapp v. Hogan</u>, 738 F.3d

1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted).  "[Section]

1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful

evaluation of the order dismissing an action, and other relevant information, the district court

determines that the action was dismissed because it was frivolous, malicious or failed to state a

claim."  <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).  "[W]hen a

district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is

frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint

is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of

the prisoner's application to file the action without prepayment of the full filing fee."  <u>O'Neal v.

Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts

as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it

fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

amended complaint" regardless of whether the case was dismissed with or without prejudice.

<u>Harris v. Mangum</u>, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing.  See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant).  "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical."  Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

    IV.   DISCUSSION

      A.  Plaintiff Is a Three Strikes Litigant[3]

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g).  The Court takes judicial notice of the following lawsuits[4]

---

[3]  The Court takes judicial notice of the fact that Plaintiff has previously been identified as a three strikes litigant.  See Kelly v. Sao, 1:19-cv-00681 LJO BAM (E.D. Cal. July 25, 2019), ECF Nos. 6 n.9 and 9) (findings and recommendations; order adopting, respectively),

[4]  The court "may take notice of proceedings in other courts, both within and without the federal

4

previously filed by Plaintiff and fully adjudicated prior to the filing of this case in September 2024.  These matters constitute strikes within the meaning of Section 1915(g):

- Kelly v. Gyorkey, No. 2:11-cv-02142 WBS EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to prosecute and for failure to a state claim);

- Kelly v. Islam, No. 1:18-cv-00018 DAD JDP (E.D. Cal. Dec. 4, 2018) (dismissal for failure to prosecute and failure to comply with court orders after finding of failure to state claim);[5]

- Kelly v. Elit, No. 1:18-cv-00019 DAD SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim);

- Kelly v. Sao, No. 1:18-cv-00484 DAD EPG (E.D. Cal. Oct. 16, 2018) (dismissed for failure to state a claim);[6]

- Kelly v. Newsom, 1:23-cv-02581 DMC (E.D. Cal. Sept. 25, 2024) (dismissal for failure to prosecute and for failure to obey court order after failing to amend complaint);[7]

---

judicial system, if those proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[5]  The findings and recommendations order recommended dismissal for failure to state a claim, failure to prosecute, and failure to comply with court orders.  Islam, ECF No. 14 at 2.  The District Judge adopted the findings and recommendations on the grounds of failure to prosecute and failure to comply with court orders.  Islam, ECF No. 15 at 1-2.

[6]  Kelly v. Ulit, 1:18-cv-00360 DAD BAM (E.D. Cal. Oct. 26, 2018) (voluntary dismissal after failure to exhaust determination) (E.D. Cal. Oct. 26, 2018), and Kelly v. Hiaing, No. 2:24-cv-00633 CKD (E.D. Cal. Apr. 24, 2024) (voluntary dismissal after court determination that complaint failed to state a claim) are, arguably, also strikes within the meaning of the statute.

[7]  The dismissal of a complaint after:  (1) a court has determined that it fails to state a claim, and (2) a plaintiff is granted leave to amend, yet he fails to do so, constitutes a strike under Section 1915(g).  See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017).  This is what happened in Newsom.  See Newsom, ECF No. 10 at 4-10 (order finding complaint failed to state claim and granting leave to amend); ECF No. 11 at 1 (findings and recommendations indicating that Plaintiff failed to amend); ECF No. 15 (District Judge order dismissing matter for failure to prosecute and failure to obey court orders).

B.  <u>Plaintiff Has Not Shown He Was in Imminent Danger of Serious Physical Harm</u>

A review of Plaintiff's complaint fails to sufficiently establish that he was in imminent danger of serious physical harm when he filed it.  The complaint is convoluted and rambling, making it difficult to quickly identify defendants and claims alleged.  Despite these deficiencies, the complaint appears to allege that Plaintiff's Eighth Amendment rights are being violated by the warden of Kern Valley State Prison, Governor Gavin Newsom and a Dr. Ho who has treated him for his medical conditions.  <u>See</u> <u>generally</u> ECF No. 1 at 1-2.

Plaintiff contends that he suffers from rectal problems and bleeding; a heart condition, and high "blood levels."  <u>See</u> ECF No. 1 at 2-3.  Plaintiff disagrees with Defendant Ho's treatment of his heart condition since August 1, 2024.  According to Plaintiff, the unsatisfactory care administered by Defendant Ho consists of decreasing his Coumadin medication and doing so without giving him an IV.  <u>See id.</u> at 3.  Such medical care, Plaintiff argues, has put his life in danger.  <u>Id.</u>  As a result, Plaintiff states, he has filed an emergency health care grievance, but a review of it will not be completed at the first level of response until October 11, 2024.[8]  <u>Id.</u>

Plaintiff's complaint does not actively make an imminent danger at the time of filing argument with respect to any treatment of his chronic health conditions.  However, even construing the pleading liberally to find that Plaintiff is, in fact, making this argument, his assertions still fail to establish this.  This is due in large part to the fact that by his own admission Plaintiff <u>is</u> being treated for his heart condition and other ailments by Defendant Ho and other medical personnel.  Specifically, since August 26, 2024, Defendant Ho and a nurse have given Plaintiff two EKGs, and he has been sent to an outside hospital at least twice for a catheterization and other treatment.  ECF No. 1 at 3-4 (Plaintiff stating sent to Adventist Health for treatment on 8/27/24 and 9/19/24).

A heart condition can be serious, and objectively speaking, if it is not actively managed, it is readily accepted that it could put a person in imminent danger of serious physical harm.  By

---

[8]  The Court notes that if this is the case, then Plaintiff's filing of this matter is also premature and should be dismissed because he has failed to exhaust administrative remedies prior to bringing the matter to this Court.  <u>See</u> 42 U.S.C. § 1997e(a) (exhaustion requirement).

Plaintiff's own admission however, this is not the situation in his case.  He is regularly receiving treatment for his heart condition.  The fact that Plaintiff disagrees with Defendant Ho's treatment plan, without more, does not constitute a violation of right.  A prisoner is not entitled to a particular type of treatment plan or medicinal regimen.  See Farmer, 511 U.S. at 832-33 (stating prison officials must insure inmates receive adequate medical care) (underline added); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (stating society does not expect prisoners to have unqualified access to health care); see generally Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986) (stating inmate has no independent constitutional right to outside medical care additional and supplemental to care provided by prison staff).

For these reasons, as a three strikes litigant who was not in imminent danger of serious physical harm when he filed the instant complaint, Plaintiff is required under Section 1915(g) to pay the filing fee in full before proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action;

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

2.  Plaintiff be required to pay the filing fee in full prior to proceeding any further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __October 9, 2024__                        _____/s/ Gary S. Austin__

7

1              UNITED STATES MAGISTRATE JUDGE